) 2/9/12

*JAN 23 2012*
*LAW DEPARTMENT*

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

RECEIVED
PROVIDENCE POLICE DEPT.
ADMINISTRATION
2012 JAN 20 PM 3:31

## SUPERIOR COURT

___ *Providence/Bristol County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ *Kent County*
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

___ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. PC-12-204

Manuel Nunez
City of PRovidence, **Plaintiff**
by and through Treasurer, James
Lombardi, et al.

**Defendant**

**_Summons_**

Scott Zambarano
+ Ludwig Castro
Steven Conville
David Tejada

*To the above-named Defendant:* Julie Pryde

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon John J. DeSimone, Esq.
Plaintiff's attorney, whose address is 735 Smith Street Providence, RI 02908

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: 1/20/212

(Seal of the Superior Court)

True Copy Attest
Thomas Noury Constable #139
P.O. Box 114023
North Providence, RI 02911

1/20/12

S-135
Superior-1 (revised January 2011)

STATE OF RHODE ISLAND            SUPERIOR COURT
PROVIDENCE, SC.

MANUEL NUNEZ            C.A. No.

V.

CITY OF PROVIDENCE,
by and through its Treasurer, JAMES LOMBARDI;
LUDWIG CASTRO, individually and in his capacity as a police officer;
STEVEN COURVILLE, individually and in his capacity as a police officer;
DAVID TEJADA, individually and in his capacity as a police officer;
JULIE PRYDE, individually and in her capacity as a police officer;
SCOTT ZAMBARANO, individually and in his capacity as a police officer

## COMPLAINT

1. This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C Sections 1983 and 1988, and Article 1, Section 10 of the Rhode Island Constitution.

2. This Court has jurisdiction pursuant to the provisions of R.I.G.L.§ 8-2-14.

3. Plaintiff, Manuel Nunez is a resident of the State of Rhode Island, City of Providence.

4. Defendant City of Providence is a municipal corporation and issued by and through its' Treasurer, the official designated by state law, R.I.G.L.§ 45-15-5, to be named in a suit for damages against the City of Providence.

5. Prior to institution of the within action against the City of Providence, Plaintiff complied with R.I.G.L.§ 45-15-5 and forty days have elapsed since Plaintiff made presentment of his claims to the Providence City Council without receiving just and due satisfaction from said Council.

6. Defendants LUDWIG CASTRO, STEVEN COURVILLE, DAVID TEJADA, JULIE PRYDE, and SCOTT ZAMBARANO were at all times material hereto police officers in the City of Providence.

1

## COUNT I

7. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant LUDWIG CASTRO acting in his official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and battery and falsely charge with crimes Plaintiff Nunez in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and Article 1, Section 10 of the Rhode Island Constitution.

8. As a direct and proximate result of Defendant CASTRO's actions as aforesaid, Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

9. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

10. The actions of Defendant CASTRO as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant CASTRO in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees as provided in 42 U.S.C. Section 1988.

## COUNT II

11. Plaintiff incorporates Paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant STEVEN COURVILLE acting in his official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and Article 1, Section10 of the Rhode Island Constitution.

2

13. As a direct and proximate result of Defendant COURVILLE's actions as aforesaid, Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

14. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

15. The actions of Defendant COURVILLE as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant COURVILLE in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees as provided in 42 U.S.C. Section 1988.

## COUNT III

16. Plaintiff incorporates Paragraphs 1 through 15 of this Complaint as though fully herein.

17. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant JULIE PRYDE acting in her official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and Article 1, Section 10 of the Rhode Island Constitution.

18. As a direct and proximate result of Defendant PRYDE's actions as aforesaid, Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

19. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

20. The actions of Defendant PRYDE as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant PRYDE in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees as provided in 42 U.S.C. Section 1988.

### COUNT IV

21. Plaintiff incorporates Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant DAVID TEJADA acting in his official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and Article 1, Section 10 of the Rhode Island Constitution.

23. As a direct and proximate result of Defendant TEJADA's actions as aforesaid, Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

24. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

25. The actions of Defendant TEJADA as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant TEJADA in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees as provided in 42 U.S.C. Section 1988.

### COUNT V

26. Plaintiff incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant SCOTT ZAMBARANO acting

4

in his official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C.§ 1983 and Article 1, Section 10 of the Rhode Island Constitution.

28. As a direct and proximate result of Defendant ZAMBARANO's actions as aforesaid, Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

29. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

30. The actions of Defendant ZAMBARANO as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant ZAMBARANO in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees as provided in 42 U.S.C. Section 1988.

## COUNT VI

31. Plaintiff incorporates Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant LUDWIG CASTRO acting in his official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez.

33. As a direct and proximate result of Defendant CASTRO'S actions as aforesaid, Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

34. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

5

35. The actions of Defendant CASTRO as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant CASTRO in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

*Punitive?* [handwritten annotation]

## COUNT VII

36. Plaintiff incorporates Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant STEVEN COURVILLE acting in his official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez.

38. As a direct and proximate result of Defendant COURVILLE'S actions as aforesaid Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

39. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

40. The actions of Defendant COURVILLE as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant COURVILLE in a sum of One hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

## COUNT VIII

41. Plaintiff Nunez incorporates Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant DAVID TEJADA acting in his official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez.

43. As a direct and proximate result of Defendant TEJADA'S actions as aforesaid Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

44. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

45. The actions of Defendant TEJADA as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant TEJADA in a sum of One hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

## COUNT IX

46. Plaintiff Nunez incorporates Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant JULIE PRYDE acting in her official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez.

48. As a direct and proximate result of Defendant PRYDE'S actions as aforesaid Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

49. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

50. The actions of Defendant PRYDE as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant PRYDE in a sum of One hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

## COUNT X

51. Plaintiff Nunez incorporates Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendant SCOTT ZAMBARANO acting in his official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez.

53. As a direct and proximate result of Defendant ZAMBARANO'S actions as aforesaid Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

54. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

55. The actions of Defendant ZAMBARANO as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant ZAMBARANO in a sum of One hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

## COUNT XI

56. Plaintiff incorporates Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. On or about October 24, 2009 in the vicinity of 101 Richmond Street in the City of Providence, State of Rhode Island Defendant STEVEN COURVILLE did assault, arrest and imprison Plaintiff Nunez.

58. At the time the Defendant STEVEN COURVILLE did assault Plaintiff Nunez Defendant COURVILLE was acting as a police officer of the City of Providence.

59. It was the duty of Defendant STEVEN COURVILLE to exercise that degree of diligence and skill required of the average police officer engaged in police work in his local in a similar locality.

60. Nevertheless the Defendant STEVEN COURVILLE disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill by his actions including but not limited to:

a. His negligent use of his police radio or other blunt instrument, when the use of such radio or other blunt instrument was not necessary in the incident described above;

b. His entire manner of dealing with the Plaintiff on October 24, 2009, including his approach in forcing Plaintiff to the ground in a violent manner.

61. As a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff Nunez suffered injuries to his head and other parts of his body and was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant COURVILLE in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

## COUNT XII

62. Plaintiff incorporates Paragraphs 1 through 61 of the Complaint as though fully set forth herein.

63. On or about October 24, 2009 the Plaintiff was in the vicinity of 101 Richmond Street in the City of Providence when the Defendants LUDWIG CASTRO, STEVEN COURVILLE, DAVID TEJADA, JULIE PRYDE, AND SCOTT ZAMBARANO acting in their official capacity and under color of state law did without provocation or lawful reason arrest, imprison, assault and batter and falsely charge with crimes Plaintiff Nunez.

64. As a direct and proximate result of Defendants' actions as aforesaid Plaintiff suffered Injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, incurred medical bills and had his reputation damaged.

65. The actions of Defendants CASTRO, COURVILLE, TEJADA, PRYDE, AND ZAMBARANO were willful, malicious, and in reckless disregard of the PLAINTIFF NUNEZ' rights.

66. At all times herein mentioned said Defendants CASTRO, COURVILLE, TEJADA, PRYDE and ZAMBARANO were the employees and agents and in the employee of the Defendant CITY OF PROVIDENCE. At all times herein mentioned said Defendant employees were acting in concert with, for and on the behalf of and at the instance and request of said Defendant CITY OF PROVIDENCE and were acting within the scope of their employment for said City.

67. The Defendant CITY OF PROVIDENCE, through its agents and servants has deprived Plaintiff Nunez of his rights and has injured and damaged him as more fully set forth above.

WHEREFORE, Plaintiff Nunez demands judgment against the Defendant CITY OF PROVIDENCE In a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

## COUNT XIII

68. Plaintiff incorporates Paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69. Defendant CASTRO initiated a prior criminal proceeding against Plaintiff Nunez in Sixth District Court entitled <u>State of Rhode Island v. Manuel Nunez</u> C.A. No. 61-09-14996.

10

70. There was no probable cause to initiate such proceeding.

71. Said proceeding was instituted maliciously by Defendant CASTRO.

72. Said proceeding was terminated in favor of Plaintiff Nunez by a dismissal for him on all counts.

73. As a direct and proximate result of Defendant CASTRO'S actions as aforesaid Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

74. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

75. The actions of Defendant CASTRO as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant CASTRO in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

## COUNT XIV

76. Plaintiff incorporates Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

77. Defendant PRYDE initiated a prior criminal proceeding against Plaintiff Nunez In Sixth District Court entitled State of Rhode Island v. Manuel Nunez C.A. No. 61-09-14996.

78. There was no probable cause to initiate such proceeding.

79. Said proceeding was instituted maliciously by Defendant PRYDE.

80. Said proceeding was terminated in favor of Plaintiff Nunez by a dismissal for him on all counts.

81. As a direct and proximate result of Defendant PRYDE'S actions as aforesaid Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

82. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

83. The actions of Defendant PRYDE as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant PRYDE in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

## COUNT XV

84. Plaintiff incorporates Paragraphs 1 through 83 of this Complaint as though fully set forth herein.

85. Defendant COURVILLE initiated a prior criminal proceeding against Plaintiff Nunez In Sixth District Court entitled State of Rhode Island v. Manuel Nunez C.A. No. 61-09-14996.

86. There was no probable cause to initiate such proceeding.

87. Said proceeding was instituted maliciously by Defendant COURVILLE.

88. Said proceeding was terminated in favor of Plaintiff Nunez by a dismissal for him on all counts.

89. As a direct and proximate result of Defendant COURVILLE'S actions as aforesaid Plaintiff Nunez suffered injuries to his head and other parts of his body and was otherwise injured, Was prevented from transacting his business, suffered a loss of wages, and had his reputation damaged.

90. By reason of the foregoing, Plaintiff Nunez has incurred medical expenses and lost wages.

91. The actions of Defendant COURVILLE as aforesaid were willful, malicious and in reckless disregard of Plaintiff Nunez' rights.

WHEREFORE, Plaintiff Nunez demands judgment against Defendant COURVILLE in a sum of one hundred thousand dollars ($100,000.00), exclusive of interest and costs and attorney's fees.

PLAINTIFF NUNEZ DEMANDS A JURY TRIAL ON ALL COUNTS.

PLAINTIFFS
By his Attorney,

*[signature]*
John J. DeSimone, Esquire #3373
DeSimone Law Offices
735 Smith Street
Providence, RI 02908
401-454-1400 (Tele)
401-454-1402 (Fax)